UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT DAVENPORT,
   Petitioner,

vs.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
   Respondent.

Case No. 1:16-cv-493

Black, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Warren Correctional Institution (WCI) in Lebanon, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Docs. 1, 3). This matter is before the Court on respondent's motion to dismiss filed July 18, 2016. (Doc. 9).[1] Although petitioner was granted an extension of time in which to file a response to the motion to dismiss, he failed to do so by the extended deadline date of October 11, 2016. (*See* Docs. 10-11). Therefore, it appears that the matter is now ripe for disposition.

## I. PROCEDURAL HISTORY

### A. State Proceedings

**Trial Proceeding**

In May 2010, the Hamilton County, Ohio, grand jury returned an indictment in Case No. B-1002888 charging petitioner with one count of aggravated murder in violation of Ohio Rev.

---

[1] Respondent has separately filed 9 exhibits obtained from the underlying state-court record as support for the motion to dismiss. (*See* Doc. 8).

Code § 2903.01(B) (Count 1); one count of murder in violation of Ohio Rev. Code § 2903.02(B) (Count 2); one count of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1) (Count 3); and one count of having weapons while under disability in violation of Ohio Rev. Code § 2923.13(A)(3) (Count 4). A three-year firearm specification was attached to the aggravated murder, murder and aggravated robbery charges. (*See* Doc. 8, Ex. 7, at PAGEID#: 156, 162); *see also State v. Davenport*, No. C-130307, 2014 WL 2925434, at *5 (Ohio Ct. App. June 27, 2014).

In May 2013, the matter proceeded to trial before a jury, which found petitioner guilty as charged. (*See* Doc. 8, Ex. 7, at PAGEID#: 158); *see also State v. Davenport*, *supra*, 2014 WL 2925434, at *7. On May 24, 2013, following a sentencing hearing, the trial court issued a Judgment Entry sentencing petitioner to an aggregate prison term of thirty-six (36) years to life, which consisted of the following consecutive sentences: life with parole eligibility after 30 years for the aggravated murder offense charged in Count 1; a three-year prison term for the firearm specification attached to Count 1, which was to be served prior to the sentence imposed for the underlying offense; and a three-year prison term for the weapons offense charged in Count 4. (Doc. 8, Ex. 1).[2]

### Direct Review And Resentencing

With the assistance of new counsel for appeal purposes, petitioner timely appealed to the Ohio Court of Appeals, First Appellate District. (*See* Doc. 8, Exs. 2, 8). In the appellate brief filed by counsel on his behalf, petitioner presented the following assignments of error:

---

[2] No sentence was imposed for the murder and aggravated robbery offenses charged in Counts 2 and 3, as well as their attached firearm specifications, because those charges were merged with the aggravated murder offense and accompanying firearm specification set forth in Count 1. (*See* Doc. 8, Ex. 1).

2

1. The trial court erred to the prejudice of the Defendant-Appellant by granting the state's certification of non-disclosure of the names and addresses of all civilian witnesses, in violation of Defendant-Appellant's Due Process Rights and right to a fair trial pursuant to the Fifth and Sixth Amendments to the United States Constitution and Section I, Article 10 of the Ohio Constitution.

2. The prosecutor committed error prejudicial to Appellant's right to due process and a fair trial under the United States and Ohio Constitutions during trial and closing argument.

3. The trial court abused its discretion in denying the motion for mistrial in the face of a violation of Mr. Davenport's Sixth Amendment Right to compulsory process.

4. Appellant was deprived of his right to the effective assistance of counsel at trial.

5. The trial court erred in denying the Defendant's motion for acquittal under Crim. R. 29.

6. The jury erred to the prejudice of Appellant by finding him guilty, as those findings were not supported by sufficient evidence.

7. The trial court erred to the prejudice of the Appellant by finding him guilty, as those findings were contrary to law.

8. The trial court erred in sentencing Appellant to consecutive prison terms.

(*Id.*, Ex. 2).

On June 27, 2014, the Ohio Court of Appeals issued a decision sustaining the eighth assignment of error challenging petitioner's sentence, but overruling the seven remaining assignments of error and affirming "the trial court's judgment in all other respects." *State v. Davenport, supra*, 2014 WL 2925434, at *15-16. The court vacated petitioner's sentence and remanded the matter "to the trial court to determine whether consecutive sentences are appropriate." *Id.*, at *16.

In July 2014, the trial court held a resentencing hearing in accordance with the Ohio Court

of Appeals' remand order. (*See* Doc. 8, Ex. 7, at PAGEID#: 157). On July 31, 2014, the trial court issued a Judgment Entry resentencing petitioner to the same terms of imprisonment that had previously been imposed, for an aggregate prison term of 36 years to life, after "consider[ing] and ma[king] the necessary findings as mandated by R.C. 2929.14(C)(4), on the record and as evidenced by [the] exhibit . . . attached [to] and incorporated by reference as part of the Judgment Entry." (*Id.*, Ex. 6). Respondent states that petitioner did not pursue an appeal from the resentencing decision. (Doc. 9, p. 10, at PAGEID#: 177).

However, petitioner's appellate counsel did pursue a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' June 27, 2014 decision affirming the trial court's judgment except for the matter that was remanded for resentencing. (*See* Doc. 8, Ex. 5 & Ex. 8, at PAGEID#: 164). In the memorandum in support of jurisdiction filed by counsel on petitioner's behalf, petitioner asserted as propositions of law the first four assignments of error that he had presented on direct appeal to the Ohio Court of Appeals. (*See id.*, Ex. 5). On December 3, 2014, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (*Id.*, Ex. 9, at PAGEID#: 167); *see also State v. Davenport,* 140 Ohio St.3d 1522, 20 N.E.3d 730 (Table), 2014-Ohio-5251 (Ohio Dec. 3, 2014).

### B. Federal Habeas Corpus Petition

The instant federal habeas action commenced on April 23, 2016, the date petitioner's original incomplete petition was scanned and emailed to the Court from WCI and stamped as "filed" by the Court. (*See* Doc. 1).[3] Because petitioner failed to state any ground for relief in the

---

[3] It is well-settled that the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266

original petition, the undersigned issued a Deficiency Order on April 29, 2016, requiring petitioner "to submit a completed habeas corpus petition or show cause why this action should not be dismissed for failure to state a claim." (Doc. 2). On May 14, 2016, petitioner complied with the Deficiency Order by filing a complete habeas petition containing the following grounds for relief:

> **Ground One:** The trial court erred to the prejudice of the defendant by granting the [S]tate's certification [of] non-disclosure of the names and addresses of all the civi[li]an witnesses, in violation of defendant's due process rights and rights to fair trial pursuant to the Fifth and Sixth Amendments to the United States and Ohio Constitutions.
>
> **Ground Two:** The prosecutor committed error pr[e]ju[d]icial to defendant's rights to due process and a fair trial under the United States and Ohio Constitutions during trial and closing argument.
>
> **Ground Three:** The trial court abused its discretion in denying the motion for mistrial in the face of a violation of Mr. Davenport's Sixth Amendment right to compulsory process.
>
> **Ground Four:** Defendant was deprived of his right to the effective assistance of counsel at trial.
>
> **Ground Five:** The trial court erred to the prejudice of the defendant by finding him guilty, as those findings were not supported by suffi[]cient evidence.
>
> **Ground Six:** The trial court erred in sentencing defendant to consecutive prison terms.
>
> **Ground Seven:** The trial court erred in denying the petition[e]r's motion for acquittal under Crim. R. 29.

(Doc. 3, at PAGEID#: 17-21).

---

(1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006). In this case, petitioner indicated in the original petition that he had signed the pleading on "Dec. 1, 2015," over four months before it was filed with the Court. (*See* Doc. 1, at PAGEID#: 13). However, the date that the petition was allegedly signed is *not* the presumptive date of filing because petitioner utilized the same-day scan-and-email procedure for transmitting his petition to the Court for filing. (*See id.*, at PAGEID#: 1, 3).

Respondent has filed a motion to dismiss the petition. (Doc. 9). Respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (*Id.*, pp. 13-21, at PAGEID#: 180-87). Petitioner has not filed any response to the motion to dismiss even though he was granted an extension of time in which to do so. (*See* Docs. 10-11).

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 9) SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

It appears from the record presented that the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A) governs the claims that are asserted as grounds for relief in the instant

6

action. The alleged errors occurred during the trial proceedings and were either known or discoverable through the exercise of due diligence before the conclusion of direct review. Indeed, all of petitioner's claims for habeas relief were raised as assignments of error by petitioner's counsel on appeal to the Ohio Court of Appeals *before* petitioner's conviction became final within the meaning of § 2244(d)(1)(A). (*See* Doc. 8, Ex. 2). Therefore, as respondent has contended in the motion to dismiss (*see* Doc. 9, p. 15, at PAGEID#: 182), and in the absence of evidence suggesting that another limitations period should apply here, the statute began to run under § 2244(d)(1)(A) when the challenged judgment of conviction and sentence was rendered "final" by the conclusion of direct review or the expiration of time for seeking such review.

As respondent has recognized (*see* Doc. 9, p. 16, at PAGEID#: 183), petitioner's conviction became "final" within the meaning of § 2244(d)(1)(A) on March 3, 2015, when the 90-day period expired for filing a petition for writ of certiorari to the United States Supreme Court from the Ohio Supreme Court's December 3, 2014 final entry in the direct review proceedings. (*See* Doc. 8, Ex. 9); *see also Lawrence v. Florida,* 549 U.S. 327, 333-34 (2007) (citing *Clay v. United States,* 537 U.S. 522, 527-28 (2003), as support for the conclusion that in contrast to the tolling provision set forth in 28 U.S.C. § 2244(d)(2), "direct review" for purposes of determining finality under § 2244(d)(1)(A) includes the time for seeking review in the United States Supreme Court).[4] Therefore, absent application of tolling principles, the statute of limitations commenced

---

[4] It is noted that petitioner was resentenced on July 31, 2014. (*See* Doc. 8, Ex. 6). Generally, when a defendant is resentenced, the judgment becomes "final" for statute of limitations purposes "after direct review of the new sentence." *Rashad v. Lafler,* 675 F.3d 564, 568-69 (6th Cir. 2012) (citing *Burton v. Stewart,* 549 U.S. 147 (2007) (per curiam)). Here, however, petitioner did not appeal the resentencing decision, which means his conviction would have become final on September 1, 2014, when the 30-day period expired for filing a timely appeal to the Ohio Court of Appeals from that entry. *See* Ohio R. App. P. 4(A). Because petitioner's appeal to the Ohio Supreme Court was pending at that time, the undersigned agrees with respondent's position, which also favors petitioner, that

running on March 4, 2015, one day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on March 4, 2016 absent application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

In this case, statutory tolling principles do not apply because petitioner did not seek state post-conviction relief or other collateral review of his conviction and sentence before commencing the instant action for federal habeas relief.

The AEDPA's statute of limitations is also subject to equitable tolling, *see Holland v. Florida,* 560 U.S. 631, 645 (2010), "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson,* 624 F.3d at

---

petitioner's conviction did not become "final" for statute of limitations purposes until the 90-day period expired for seeking Supreme Court certiorari review of the Ohio Supreme Court's December 3, 2014 final direct-review entry.

784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

In this case, petitioner has not argued, nor does the record show, that he was diligent in pursuing his rights or prevented by "extraordinary circumstances" from filing a timely habeas petition before the expiration of the limitations period on March 4, 2016. To the extent that petitioner may argue that he is entitled to equitable tolling due to his *pro se* status or lack of legal knowledge or access to legal materials, it is well-settled in the Sixth Circuit that those arguments are not sufficient to warrant equitable tolling. *See, e.g., Hall,* 662 F.3d at 750-51 (rejecting the petitioner's argument that he was entitled to equitable tolling because of his lack of access to the trial transcript, as well as his *pro se* status and limited law-library access); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991)) ("this court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling'"); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of

9

limitations"); *Lacking v. Jenkins*, No. 2:15cv3069, 2016 WL 4505765, at *4 (S.D. Ohio Aug. 29, 2016) (Report & Recommendation) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted*, 2016 WL 6125683 (S.D. Ohio Oct. 19, 2016), *appeal filed*, No. 16-4291 (6th Cir. Nov. 10, 2016); *Boyd v. Tibbals*, No. 2:13cv611, 2014 WL 1400978, at *3 (S.D. Ohio Apr. 10, 2014) (Report & Recommendation) (and numerous cases cited therein) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prisons' law library or to legal materials together or along do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted*, 2014 WL 2931475 (S.D. Ohio June 30, 2014).

Finally, no showing has been made that the procedural bar to review should be excused based on a colorable showing of actual innocence. *See McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924, 1935 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), the statute of limitations began to run on March 4, 2015 and expired on March 4, 2016. Neither statutory nor equitable tolling principles apply to further extend the limitations period or otherwise avoid the statute-of-limitations bar to review in this case. Therefore, respondent's motion to dismiss (Doc. 9) should be **GRANTED** on the ground that the

petitioner's habeas corpus petition filed on April 23, 2016 is time-barred.[5]

### IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 9) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner has set forth his grounds for relief (Doc. 3) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the claims for relief alleged in the complete petition (Doc. 3), which this Court has concluded is barred from review on procedural statute-of-limitations grounds, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[6]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,*

---

[5] In the motion to dismiss, respondent contends that because the original petition was "fatally defective" in that it failed to set forth any grounds for relief, the filing date for statute-of-limitations purposes was actually May 14, 2016, when petitioner filed his complete habeas petition with the Court in compliance with a Deficiency Order. (*See* Doc. 9, pp. 16-18, at PAGEID#: 183-85; *see also* Doc. 3). As support for that argument, respondent cites *Adams v. Director, TDCJ-CID*, No. 1:10cv360, 2012 WL 1444777, at *3-4 (E.D. Tex. Mar. 2, 2012) (Report & Recommendation), *adopted*, 2012 WL 1448115 (E.D. Tex. Apr. 26, 2012), wherein the court held in an analogous case that the petitioner's "blank" complaint did "not serve to commence the . . . habeas action," and that the action instead could "only be considered to be filed . . . when the . . . amended petition [setting forth the petitioner's grounds for relief] was received by the court." The undersigned need not address that argument because it is clear from the record that petitioner's original petition filed on April 23, 2016 was filed over a month too late.

[6] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484. It is noted, however, that petitioner faces an additional procedural hurdle to review of claims that he failed to raise to the Ohio Supreme Court. Moreover, it appears that the sentencing-error claim alleged in Ground Six involves an issue of state-law only and thus does not state a cognizable ground for federal habeas relief. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). In any event, it appears that the claim is moot because the Ohio Court of Appeals sustained the claim of error on direct appeal, and the trial court corrected the error in the resentencing hearing held in July 2014 in accordance with the Ohio Court of Appeals' remand order. (*See* Doc. 8, Ex. 6); *see also State v. Davenport, supra,* 2014 WL 2925434, at *15-16.

the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 11/29/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT DAVENPORT,
    Petitioner,

vs

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:16-cv-493

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc